1  DALE A. AMATO, ESQ. (SBN 137965)
2  BERGER KAHN
   A Law Corporation
3  10085 Carroll Canyon Road, Suite 210
   San Diego, CA 92131-1027
   Tel: (858) 547-0075 • Fax: (858) 547-0175
4
5  Attorneys for Defendants PEERLESS INSURANCE COMPANY, LIBERTY MUTUAL
   FIRE INSURANCE COMPANY and GOLDEN EAGLE INSURANCE
6  CORPORATION

7                                            '08 CV 0709 BTM AJB

8
9                    UNITED STATES DISTRICT COURT
10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12  SHAW MORTGAGE                  )  CASE NO.:
    CORPORATION dba                )
13  PATIOSOURCE & THE NATURAL      )  SDSC Case No. 37-2007-00084451-CU-BC-CTL
    TOUCH, a California Corporation )
14                                 )
                 Plaintiffs,       )
15                                 )  **DEFENDANT PEERLESS INSURANCE
    v.                             )  COMPANY'S PETITION FOR
16                                 )  REMOVAL OF CIVIL ACTION TO
    PEERLESS INSURANCE             )  FEDERAL COURT PURSUANT TO 28
17  COMPANY, a New Hampshire       )  U.S.C. § 1441(B)**
    Company; GOLDEN EAGLE          )
18  INSURANCE CORPORATION, a       )
    California Corporation; LIBERTY )  Date Complaint Filed: 12/21/2007
19  MUTUAL INSURANCE COMPANY,      )
    a Massachusetts Company; and DOES )
20  1 – 20, inclusive,             )
                                   )
21                Defendants.      )
   _____)

22         TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

23  DISTRICT OF CALIFORNIA:

24         PLEASE TAKE NOTICE that defendant PEERLESS INSURANCE COMPANY

25  ("PEERLESS"), hereby removes to this court, pursuant to 28 U.S.C. section 1441(b), the

26  state court action described below.

27         1.    On December 21, 2007, an action was commenced in the Superior Court of

28  the State of California in the County of San Diego entitled, *Shaw Mortgage Corporation*

                                         1

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

1    *dba Patiosource & The Natural Touch v. Peerless Insurance Company, Golden Eagle*

2    *Insurance Corporation, Liberty Mutual Insurance Company, et. al.*, San Diego Superior

3    Court, Case Number 37-2007-00084451-CU-BC-CTL.  The First Amended Complaint

4    ("FAC") was filed on February 28, 2008.  The Summons and FAC were served upon

5    PEERLESS on March 19, 2008. A true and correct copy of the Summons,  FAC and

6    Proof of Service on Peerless Insurance Company, Liberty Mutual Insurance Company

7    and Golden Eagle Insurance Corporation is attached as Exhibit 1.

8         2.     On April 16, 2008,  PEERLESS  filed its Answer to the FAC. A true and

9    correct copy of PEERLESS' Answer is attached as Exhibit 2. Thus, this removal is

10   timely pursuant to 28 U.S.C. 1446(c), as thirty days has not elapsed from the date upon

11   which PEERLESS was served with the Summons and FAC on March 19, 2008. (*See*,

12   *Murphy Bros. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344 (1999) [the thirty day

13   removal period does not being to run until a defendant is formally served with the

14   complaint.].)

15        3.     This action is a civil action of which this court has original jurisdiction

16   under 28 U.S.C. section 1332, and is one which may be removed to this court by

17   PEERLESS  pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil

18   action between citizens of different states and the matter in controversy exceeds the sum

19   of $75,000, exclusive of interest and costs.

20        4.     Plaintiff's FAC asserts claims against PEERLESS for Breach of Contract,

21   Breach of the Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief.

22   Plaintiff alleges that PEERLESS issued to it a commercial property insurance policy with

23   a policy period of September 22, 2005 to September 22, 2006.  (FAC, ¶18, *see*, *also*,

24   Exhibit "A" to FAC, page C00101.)  Plaintiff contends that PEERLESS  breached the

25   contract of insurance by failing to pay on a claim for a December 26, 2005, fire loss.

26   (FAC, ¶¶1-17; 27-36.) Plaintiff alleges that is has suffered business losses "in excess of

27   nine hundred thousand dollars [$900,000]." (FAC ¶34.)

28

1    5.    Plaintiff also contends that the alleged improper investigation and

2  adjustment of the claim constituted a breach of the implied covenant of good faith and

3  fair dealing. (FAC, ¶¶ 37-45.) Thus, it is clear that the Plaintiff's allegations, and

4  specifically, the $900,000 claim for damages, meet the jurisdictional amount in

5  controversy of $75,000.

6    6.    In addition to seeking contract damages and interest, the Plaintiff is also

7  seeking attorney's fees and punitive damages in this action. (Complaint, Prayer 14:13-

8  14.) "It is well-established that punitive damages are part of the amount in controversy in

9  a civil action [citation]." (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).)

10  Likewise, attorney's fees are included in the amount in controversy. (*See, Goldberg v.*

11  *CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).)

12    7.    Accordingly, the amount in controversy, based solely on the Plaintiff's

13  breach of contract claim, is well beyond the statutory requirement of $75,000.  This is

14  particularly evident in light of Plaintiff's allegations that she is entitled to further policy

15  benefits and consequential damages.  Moreover, the Plaintiff is also seeking extra-

16  contractual damages for attorney's fees and punitive damages. Thus, it is facially

17  apparent by the allegations contained in Plaintiff's Complaint that Plaintiff's claims

18  against PEERLESS exceed $75,000.

19    8.    PEERLESS is informed and believes that the Plaintiff was, at the time of

20  filing this action, and still is, a citizen of the State of California, as the Plaintiff is a

21  California corporation. In addition, the FAC alleges that the Plaintiff's principal place of

22  business in the State of California, County of San Diego. (Complaint, ¶1.)

23    9.    PEERLESS was, at the time the FAC was filed, as still is,  incorporated

24  under the laws of the State of New Hampshire.  PEERLESS' principal place of business

25  is located in Keene, New Hampshire.

26    10.    Plaintiff has improperly named Golden Eagle Insurance Corporation

27  ("GOLDEN EAGLE") as a defendant for the purpose of defeating diversity. PEERLESS

28  is informed and believes and thereon alleges that GOLDEN EAGLE was, at the time the

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

1  complaint was filed, as still is, a citizen of the State of California for diversity purposes.

2  GOLDEN EAGLE was incorporated in the State of California and its principal place of

3  business is in San Diego, California.  However, GOLDEN EAGLE was not a contracting

4  party to the relevant insurance policy and thus, cannot be sued by the Plaintiff. Thus,

5  PEERLESS will file a Motion to Drop GOLDEN EAGLE from this action, pursuant to

6  F.R.C.P. Rule 21. Therefore, for purposes of determining diversity of citizenship,

7  GOLDEN EAGLE's presence in this action should be disregarded.

8       11.    Defendant Liberty Mutual Insurance Company ("LMIC") was, at the time

9  the FAC was filed, as still is,  incorporated under the laws of the Massachusetts.   LMIC's

10  principal place of business is located in Boston, Massachusetts. Furthermore, while

11  LMIC is diverse to the Plaintiff, it is not a proper defendant as it did not issue the

12  insurance policy at issue. Thus, LMIC will file a Motion to Dismiss, pursuant to F.R.C.P

13  12(b)(6). Furthermore, LMIC has filed a joinder in this Petition for Removal.

14       12.    While all defendants named in a state action must join in a petition for

15  removal, (*Parrino v. FHP, Inc.*, 146 F3d 699 (9th Cir. 1998).), such joinder is not

16  necessary for GOLDEN EAGLE as joinder is not required by  parties named as a

17  defendant solely to prevent removal. (*Bexar County Bd. of Trustees for Mental Health*,

18  925 F2d 866 (5th Cir. 1991.).)

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

---
4

1         WHEREFORE, PEERLESS prays that this action be removed from the San Diego

2    County Superior Court to the United States District Court for the Southern District of

3    California.

4

5    DATED: April 17, 2008                   BERGER KAHN
                                        A Law Corporation

6

7                                       By:_____
                                     DALE A. AMATO

8                                         Attorneys for PEERLESS
                                     INSURANCE COMPANY, LIBERTY

9                                         MUTUAL FIRE INSURANCE
                                     COMPANY and GOLDEN EAGLE

10                                        INSURANCE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

5

03/25/2008 16:15 FAX  408 293 9056     Knox Services KSJ                    ☐002/007
Case 3:08-cv-00709-BTM-AJB    Document 1    Filed 04/17/2008    Page 7 of 35
03/25/2008 16:12 FAX                                                        ☐002/007

03/25/2008 13:04 IFAX sjfax@knoxservices.com              → Jesse Lacuesta   ☐001/006

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Karen R. Frostrom, Esq.          (SBN 207044)<br>Thorsnes, Bartolotta, McGuire<br>2550 Fifth Avenue, Eleventh Floor<br>San Diego, CA 92103<br><br>TELEPHONE NO.: 619-236-9363   FAX NO. *(Optional)*: 619-236-9653<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92103<br>BRANCH NAME: Central | |

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba<br>Patiosource and the Natural Touch, a California Corporation<br>DEFENDANT/RESPONDENT: Peerless Insurance Company, a New<br>Hampshire Company; et al. | CASE NUMBER:<br>37-2007-84451-CU-BC-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [X]  summons
    b.  [X]  complaint First Amended
    c.  [X]  Alternative Dispute Resolution (ADR) package
    d.  [ ]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  cross-complaint
    f.  [X]  other *(specify documents)*: Notice of Case Assignment; Addendum to First Amended
        Complaint; Substitution of Attorney- Civil (Without Court Order)

3.  a.  Party served *(specify name of party as shown on documents served)*: Golden Eagle Insurance
        Corporation, a California Corporation
    b.  [X]  Person *(other than the party in item 3a)* served on behalf of an entity or as an authorized agent (and not a person
            under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Agent for Service: Becky DeGeorge, CSC Lawyers Incorporating Services

4.  Address where the party was served: 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA
    95833

5.  I served the party *(check proper box)*
    a.  [X]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party (1) on *(date)*: March 19, 2008      (2) at *(time)*: 10:30am
    b.  [ ]  by substituted service. On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business
                  of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
                  place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
                  address of the person to be served, other than a United States Postal Service post office box. I informed
                  him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                  at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                  *(date)*:          from *(city)*:          or [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

**EXHIBIT 1**

03/25/2008 13:04 IFAX sjfax@knoxservices.com    → Jesse Lacuesta    002/006

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba Patiosource and the Natural Touch, a California Corpor DEFENDANT/RESPONDENT: Peerless Insurance Company, a New Hamp | CASE NUMBER: 37-2007-84451-CU-BC-CTL |
|---|---|

5.  c.  [ ]  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on (date):       (2)  from (city):

    (3)  [ ]  with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  [ ]  by other means (specify means of service and authorizing code section):

      [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  [ ]  as an individual defendant.

   b.  [ ]  as the person sued under the fictitious name of (specify):

   c.  [ ]  as occupant.

   d.  [X]  On behalf of (specify): Golden Eagle Insurance Corporation, a California Corporation
     under the following Code of Civil Procedure section:

     [X]  416.10 (corporation)     [ ]  415.95 (business organization, form unknown)
     [ ]  416.20 (defunct corporation)     [ ]  416.60 (minor)
     [ ]  416.30 (joint stock company/association)   [ ]  416.70 (ward or conservatee)
     [ ]  416.40 (association or partnership)    [ ]  416.90 (authorized person)
     [ ]  416.50 (public entity)      [ ]  415.46 (occupant)
                      [ ]  other:

7.  Person who served papers
   a. Name: John D. Houston
   b. Address: Knox Services, 1155 N. First Street, Suite 100, San Jose, CA 95112
   c. Telephone number: 408-293-9004
   d. The fee for service was: $ 47.50
   e. I am:

    (1)  [ ]  not a registered California process server.
    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [X]  registered California process server:
      (i)  [ ]  owner  [X]  employee  [ ]  independent contractor.
      (ii)  Registration No.: 2006-005
      (iii)  County: Yolo

8.  [X]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 24, 2008

    John D. Houston
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Karen R. Frostrom, Esq.    (SBN 207044)<br>Thorsnes, Bartolotta, McGuire<br>2550 Fifth Avenue, Eleventh Floor<br>San Diego, CA 92103<br><br>TELEPHONE NO.: 619-236-9363    FAX NO. (Optional): 619-236-9653<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Diego, CA 92103 | |
| BRANCH NAME: Central | |

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba Patiosource and the Natural Touch, a California Corporation<br>DEFENDANT/RESPONDENT: Peerless Insurance Company, a New Hampshire Company; et al. | CASE NUMBER:<br>37-2007-84451-CU-BC-CTL |
|---|---|
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint First Amended
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Case Assignment; Addendum to First Amended Complaint; Substitution of Attorney- Civil (Without Court Order)

3. a. Party served *(specify name of party as shown on documents served):* Peerless Insurance Company, a New Hampshire Company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Agent for Service: Becky DeGeorge, CSC Lawyers Incorporating Services

4. Address where the party was served: 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 19, 2008    (2) at *(time):* 10:30am
   b. [ ] by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |

03/25/2008 16:16 FAX  408 293 9006     Knox Services KSJ          005/007
03/25/2008 Case 3:08-cv-00709-BTM-AJB    Document 1    Filed 04/17/2008    Page 10 of 35     005/007

03/25/2008 13:05 IFAX sjfax@knoxservices.com                → Jesse Lacuesta    004/006

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba Patiosource and the Natural Touch, a California Corpor DEFENDANT/RESPONDENT: Peerless Insurance Company, a New Hamp | CASE NUMBER: 37-2007-84451-CU-BC-CTL |
|---|---|

5. c. ☐  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):          (2) from (city):

   (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  by other means (specify means of service and authorizing code section):

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of (specify):
  c. ☐  as occupant.
  d. ☒  On behalf of (specify): Peerless Insurance Company, a New Hampshire Company
    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) | |
| | ☐ other: | |

7. Person who served papers
  a. Name: John D. Houston
  b. Address: Knox Services, 1155 N. First Street, Suite 100, San Jose, CA 95112
  c. Telephone number: 408-293-9004
  d. The fee for service was: $ 47.50
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner   ☒ employee   ☐ independent contractor.
      (ii) Registration No.: 2006-005
      (iii) County: Yolo

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 24, 2008

    John D. Houston
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

03/25/2008 16:16 FAX 408 293 9056     Knox Services KSJ                    @006/007
03/25/2008 Case 3:08-cv-00709-BTM-AJB     Document 1     Filed 04/17/2008     Page 11 of 35    @006/007

_03/25/2008 13:05 IFAX sjfax@knoxservices.com                    → Jesse Lacuesta     @005/006

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Karen R. Frostrom, Esq.                (SBN 207044)<br>Thorsnes, Bartolotta, McGuire<br>2550 Fifth Avenue, Eleventh Floor<br>San Diego, CA 92103<br>TELEPHONE NO.: 619-236-9363    FAX NO. (Optional): 619-236-9653<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92103<br>BRANCH NAME: Central | |

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba<br>Patiosource and the Natural Touch, a California Corporation<br>DEFENDANT/RESPONDENT: Peerless Insurance Company, a New<br>Hampshire Company; et al. | CASE NUMBER:<br>37-2007-84451-CU-BC-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint First Amended
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents): Notice of Case Assignment; Addendum to First Amended
      Complaint; Substitution of Attorney- Civil (Without Court Order)

3. a. Party served (specify name of party as shown on documents served): Liberty Mutual Insurance Company,
      a Massachusetts Company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
         under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      Agent for Service: Becky DeGeorge, CSC Lawyers Incorporating Services

4. Address where the party was served: 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA
   95833

5. I served the party (check proper box)
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): March 19, 2008     (2) at (time): 10:30am
   b. [ ] by substituted service. On (date):          at (time):          I left the documents listed in item 2 with or
      in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            (date):          from (city):          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

03/25/2008 16:18 FAX 408 293 9056 Knox Services [KS]

03/25/2008 16:14 FAX

Case 3:08-cv-00709-BTM-AJB Document 1 Filed 04/17/2008 Page 12 of 35

☑007/007

☑007/007

03/25/2008 13:05 IFAX sjfax@knoxservices.com → Jesse Lacuesta ☑006/006

| PLAINTIFF/PETITIONER: Shaw Mortgage Corporation dba Patiosource and the Natural Touch, a California Corpor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Peerless Insurance Company, a New Hamp | 37-2007-84451-CU-BC-CTL |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

        ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* Liberty Mutual Insurance Company, a Massachusetts Company
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers

  a. Name: John D. Houston

  b. Address: Knox Services, 1155 N. First Street, Suite 100, San Jose, CA 95112

  c. Telephone number: 408-293-9004

  d. The fee for service was: $ 95.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

      (i) ☐ owner ☒ employee ☐ independent contractor.

      (ii) Registration No.: 2006-005

      (iii) County: Yolo

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 24, 2008

John D. Houston
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*

## SUMMONS
### (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEERLESS INSURANCE COMPANY, a New Hampshire Company;
GOLDEN EAGLE INSURANCE CORPORATION, a California
Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a
Massachusetts Company, and DOES 1 through 20,
inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAW MORTGAGE CORPORATION dba PATIOSOURCE AND THE
NATURAL TOUCH, a California Corporation.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
Clerk of the Superior Court

**MAR 12 2008**

BY: B. Follis,    Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 West Broadway<br><br>San Diego, CA 92103<br>Central | CASE NUMBER:<br>*(Número del Caso):* 37-2007-84451-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen R. Frostrom  SB# 207044                    619-236-9363    619-236-9653
Thorsnes Bartolotta McGuire
2550 Fifth Avenue, Eleventh Floor
San Diego, CA 92103

DATE: **MAR 12 2008**                    Clerk, by  **B. FOLLIS**                                    , Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* LIBERTY MUTUAL INSURANCE COMPANY, A MASSACHUSETTS COMPANY

under:  [✓] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
        [ ] other *(specify):*

4. [✓] by personal delivery on *(date):* 3/19/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  VINCENT J. BARTOLOTTA, JR., ESQ.  SB#055139
   KAREN R. FROSTROM, ESQ.  SB#207044
2  THORSNES BARTOLOTTA  McGUIRE
   2550 Fifth Avenue, Eleventh Floor
3  San Diego, CA  92103
   Phone:  (619) 236-9363    Fax:  (619) 236-9653
4
   Attorneys for Plaintiff SHAW MORTGAGE CORPORATION
5  dba PATIOSOURCE & THE NATURAL TOUCH

F  I  L  E  D
Clerk of the Superior Court

FEB 28 2008

BY: B. Follis,      Clerk

6

7

8

9

10              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

11                            CENTRAL DIVISION

12

| | |
|---|---|
| SHAW MORTGAGE CORPORATION dba PATIOSOURCE & THE NATURAL TOUCH, a California Corporation ) ) ) ) | Case No. 37-2007-00084451-CU-BC-CTL |
| Plaintiffs, ) ) | **FIRST AMENDED COMPLAINT FOR:** |
| v. ) ) ) | **(1) BREACH OF CONTRACT; (2) TORTIOUS BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and (3) DECLARATORY RELIEF** |
| PEERLESS INSURANCE COMPANY, a New Hampshire Company; GOLDEN EAGLE INSURANCE CORPORATION, a California Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Company; and DOES 1 through 20, inclusive, ) ) ) ) ) ) ) ) | (GENERAL CIVIL CASE) |
| Defendants. ) ) | |

13

14

15

16

17

18

19

20

21

22          Plaintiff SHAW MORTGAGE CORPORATION dba PATIOSOURCE & THE NATURAL

23  TOUCH ("PLAINTIFF") alleges as follows:

24          1.      Plaintiff is and was at all times mentioned herein, a corporation duly licensed,

25  organized and existing under the laws of the State of California, with its principal place of business

26  located in the San Diego County, California.

27          2.      Plaintiff is informed and believes, and thereon alleges, that Defendants PEERLESS

28  INSURANCE COMPANY, GOLDEN EAGLE INSURANCE CORPORATION LIBERTY

                                      1

1  MUTUAL INSURANCE COMPANY, and DOES 1-20 (hereinafter, collectively, "DEFENDANT

2  INSURERS") are corporations or other business entities duly organized, authorized and/or licensed

3  to conduct business within the State of California, and which now, and at all relevant times herein,

4  were doing business within the State of California as insurers.

5          3.      The true names and capacities, whether individual, corporate, associate or otherwise,

6  of Defendant Insurers named herein as DOES 1-20 are unknown to Plaintiff, who sue such

7  Defendant Insurers by fictitious names.  Plaintiff is informed and believes, and thereon alleges, that

8  Does 1-20 are companies or corporations doing business in the State of California and either sold

9  insurance policies to Plaintiff or participated in the processing of Plaintiff's claims for benefits under

10 the insurance policies that are the subject matter of this Complaint.  Plaintiff will amend this

11 Complaint to add said Defendant Insurers' true names and capacities when their names have been

12 ascertained.  Plaintiff is informed and believes, and thereon alleges, that all Defendant Insurers

13 named herein as Does are in some manner legally responsible for the occurrences alleged herein, and

14 that Plaintiff's injuries were legally caused by the acts or omissions of each.

15         4.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

16 herein, Defendant Insurers, and each of them, were the agents, servants, or employees of each of the

17 remaining Defendant Insurers and were doing the acts or omissions alleged herein and acting within

18 the course and scope of said agency or employment with the permission, consent or authority of each

19 of the remaining Defendant Insurers, and each is legally responsible in some manner for the

20 occurrences alleged herein such that Plaintiff's damages were legally caused by each.

21         5.      The insurance contracts between Plaintiff and Defendant Insurers, and each of them,

22 giving rise to the present claims and forming the basis of Plaintiff's damages, were entered into in

23 San Diego County, California.  Further, Defendant Insurers, and each of them, engaged in the acts or

24 omissions alleged herein which caused damage to Plaintiff in San Diego County, California.  The

25 full amount of Plaintiff's damages has not been ascertained, but is certain to be in excess of the

26 minimum jurisdictional amount of this Court.  Therefore, venue is proper in the San Diego County

27 Superior Court.

28         6.      Plaintiff avails itself of the doctrine of alternative pleading and inasmuch, as its

2

investigation is not complete and discovery and investigation are ongoing, plead each allegation, cause of action, claim or remedy in this Complaint without prejudice to any contradictory, current, subsequent or previous allegation, claim or remedy after the true and correct facts have been discovered, pled, proven, or Plaintiffs have elected among available alternative remedies. Further, Plaintiff's pleading or omission of any alternative theory, cause of action or remedy, shall not constitute an election of one or more theories, claims or remedies over, in place of or the exclusion to any other.

## PLAINTIFF'S LOSS

**Operation of The Natural Touch and Patio Source:**

7.    Prior to September 2005, Steve and Jan Shaw operated The Natural Touch and Patio Source as a rented retail location located at 9050 Kenamar Drive, San Diego, California. The Shaws had purchased the businesses following their decision to find a business where they could work together, never put a tie on again, and that would provide the ability to work creatively. While the businesses were operating at a loss at the time of acquisition, the Shaws built them up until they were very successful and able to rely largely on word of mouth to obtain interior and exterior design clients.

8.    The Natural Touch predominately sells silk trees, plants, floral designs and seasonal decorations. Its stock consists of custom-designed product available on both a walk-in and special order basis. These decorations are high-end and made from very realistic and durable materials. The Natural Touch business is seasonal in that it has a significantly increased production and sales during the holiday season and, to a lesser extent, during the summer. Examples of The Natural Touch products are depicted below:



3

---

Complaint for (1) Breach of Contract, (2) Tortious Breach, and (3) Declaratory Relief

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18





19  9.  The Natural Touch also engages in home design work. It developed, over time, an

20  extensive catalog showing home design projects previously completed for customers. The

21  customers' ability to review this portfolio of prior work was a key part of engaging new home design

22  clients. Those portfolios were destroyed in the fire and simply cannot be replaced until The Natural

23  Touch is retained to engage in future design work, which work is difficult to obtain without a

24  portfolio. The Natural Touch is suffering from this vicious cycle.

25  10.  Patio Source, out of the same retail center, sells and showcases high-end indoor and

26  outdoor furniture and accessories. That furniture is sold by careful staging throughout the store to

27  display it to its best impact, mixed with accessories in a way so as to suggest the combined use of

28  that furniture and those accessories. This business is seasonal in that most sales relate to the spring

4

1 │ and summer seasons.

2 │ **The Destruction of the Businesses:**

3 │      11.    On or about December 26, 2005, the store was completely destroyed in a fire caused

4 │ by an electrical short. The fire destroyed the building and also all merchandise, back stock, raw

5 │ supplies, marketing materials, photographs, displays, vendor contacts, customer lists, valuable

6 │ papers, documents and other business items. As to many of these items, Plaintiff did not have any

7 │ backup copies. This was unfortunately true as to information kept on computers, including email

8 │ records, financial information and marketing materials. The fire was thorough and devastating:

9





5

12.    As a result of the fire, the Shaws were forced to relocate their stores to a temporary, inferior location and come out of pocket to replenish merchandise, stock, raw supplies, displays, marketing materials, and other business goods. Much of the valuable property that was destroyed in the fire could simply not be replaced or duplicated. The Shaws were required to start from scratch with nothing to show for years of operation of a successful business. On December 25, 2005, the Shaws ran a fully operational store with a history of information and a well-developed organizational structure for information processing and marketing. By the end of December 26, 2005, they had nothing. There were no products. There were no records of historical purchases. There were no marketing materials. There were no financial records. There were no computers. This fire decimated this successful business.

**The Revival of the Businesses:**

13.    Notwithstanding the wholesale devastation, the Shaws' response to the fire was admirable and immediate. They quickly located available space as close to the burned building as possible and opened a temporary store so that their customers would not be directed elsewhere while the building was rebuilt. The temporary space was inferior to the original store and the Shaws had to overcome many obstacles, from poor lighting to a lack of space to properly display the product. The Shaws were also required to process insurance paperwork, to reconstruct their financials, to reconstruct their marketing materials, and to recreate their customer lists – while still trying to operate two full-time businesses. There was significant uncertainty at the beginning as to where, if at all, the Shaws would be able to reopen the store.

14.    As a result of the business matters described above, including responding to the demands of the insurance company during the loss calculation period, the Shaws were unable to attend, purchase, and/or store items from the annual trade shows held by Plaintiff's vendors during early 2006. There simply was not time, money, or space available for this work. There was also a lack of knowledge as to whether or where the stores would be reopened and therefore no knowledge as to the quantity of materials needed for the upcoming months. Unfortunately, these are seasonal businesses. Once the trade shows have passed, a business seeking to resume operations is hampered in its ability to stock product for the season. Accordingly, Plaintiff was unable to repurchase and/or

6

1  replace much of its destroyed merchandise, stock, raw supplies, displays, marketing materials, and

2  other business goods in time to meet the needs of its seasonal clients.

3      15.    In addition, as a result of the destruction of the property, goods, raw materials,

4  customer lists, vendor contacts, photographs, displays, and marketing materials in the fire, the Shaws

5  were, and continue to be, unable to demonstrate, identify, or showcase its design services and

6  capabilities to prospective customers.  This inability to market and sell the custom design services

7  caused considerable business losses.  Custom design service is a niche market that Plaintiff had

8  worked hard to develop over the years.  Complete destruction of that market has forced Plaintiff to

9  start to rebuild that market from nothing except memories of the past.

10     16.    Despite the Shaws' best efforts to have their businesses operating as quickly and

11  effectively as possible, they were not able to have the inventory, merchandise, displays, marketing

12  materials, raw materials, customer lists, valuable papers, documents, and vendor contacts up to the

13  level required to target and address the needs of their customers.  As a result, Plaintiff missed the

14  opportunity to fully participate in the buying seasons of spring and summer 2006 and experienced a

15  substantial decline in its fall and Christmas 2006 sales.  There have been ongoing losses related to

16  the loss of the custom design clientele and the inability to show examples of prior work in order to

17  obtain new custom design clients.

18     17.    Plaintiff's inability to fully advertise and participate in the above-mentioned buying

19  seasons have caused Plaintiff to suffer significant business losses covered by the insurance policies

20  issued by the Defendant Insurers.

21  **The Insurance Policies:**

22     18.    On or about September 22, 2005, Defendant Insurers made, executed and delivered

23  one or more insurance policies of commercial property coverage to Plaintiff including, without

24  limitation, the following Policy No. CBP9772003, effective from 9/22/2005 to 9/22/2006, attached

25  hereto as Exhibit "A."

26     19.    The Policy was made and executed to insure direct physical losses, which included

27  coverage for inventory, stock, materials and merchandise carried and stored at the Premises.  The

28  Policy was also made and executed to compensate Plaintiff for any and all business losses and extra

7

1   expenses incurred as a result of a covered cause of loss. It is undisputed that a fire is a covered cause

2   of loss under the terms of the Policy.

3          20.     The Policy provides, in relevant part:

4                  **A.     Coverage**

5                          **1.     Business Income**

6                                  Business Income means the:

7                                          a. Net Income (Net Profit or Loss before income taxes) that would
8                                          have been earned or incurred; and

9                                          b. Continuing normal operating expenses incurred, including payroll.

10                                 For manufacturing risks, Net Income includes net sales value of
                                   production.

11                         **3.     Loss Determination**

12                                         *     *     *

13                         **c.         Resumption of Operations**

14                                         *     *     *

15                                 **d.** If you do not resume "operations," or do not resume "operations"
16                                 as quickly as possible, we will pay based on the length of time it would
                                   have taken to resume "operations" as quickly as possible.

17  (Form CP0030-0402.)

18         21.     In addition to obtaining the Policy for commercial property coverage with Defendant

19  Insurers, Plaintiff also obtained an upgraded policy endorsement referred to as the "Retail Platinum

20  Endorsement" ("the Endorsement"). This Endorsement purported to provide additional protection,

21  including explicit protections should the Plaintiff's business losses extend beyond the normal

22  contractual time limits. **These protections were purchased by Plaintiff at a premium policy**

23  **payment.**

24         22.     At the time Defendant Insurers solicited and prepared the Policy and the

25  Endorsement, Defendant Insurers knew, either directly or through its agents or employees, of the

26  seasonal nature of Plaintiff's sales and purchasing as well as the importance of Plaintiff's marketing

27  materials, customer lists, vendor contacts and displays. Based on such knowledge, Defendant

28  Insurers prepared the Policy and the Endorsement to adequately insure Plaintiff with the intention

8

Complaint for (1) Breach of Contract, (2) Tortious Breach, and (3) Declaratory Relief          Doc#: 487957.1

1  that in the event of a disaster, Plaintiff would be placed back in the same position as it occupied prior
2  to the disaster.

3      23.    Pursuant to the terms of the Policy and the Endorsement, Plaintiff quickly notified
4  Defendant Insurers of the fire as well as the resulting losses and damages. Plaintiff also cooperated
5  with all requests made by Defendant Insurers during the period of calculating the actual losses.

6      24.    The Shaws' landlord was able to complete the rebuild quickly and in the fall of 2006,
7  they were able to move their business back into the premises previously destroyed by the fire. This
8  was good news and bad news. They now had sufficient space to continue the business operations
9  destroyed in December 2005. However, they did not have sufficient inventory to fill the space or to
10 adequately stock their Christmas goods for the season. As a result, total sales suffered.

11     25.    Up until the fall of 2006, Defendant Insurers remitted payment for some of the
12 various covered losses, damages and expenses under the terms of the Policy and the Endorsement.

13     26.    The terms of the Policy and the Endorsement required Defendant Insurers to provide
14 Plaintiff with coverage for business losses as defined, for the time during which the Plaintiff
15 operations could not be resumed at full volume. The Endorsement arguably sets an outside limit of
16 fifteen months after resumption of partial operations. Notwithstanding, Defendant Insurers ignored
17 the evidence that Plaintiff continued to suffer losses following the partial resumption of operations,
18 which losses related directly back to the fire, and cut off loss payments only thirty days after Plaintiff
19 resumed its partial operations. In the fall of 2007, Defendant Insurers notified Plaintiff that no
20 further sums would be forthcoming, leaving Plaintiff with no choice but to pursue litigation.

21     27.    The failure of Defendant Insurers to satisfy their obligations under the Policy and the
22 Endorsement by payment of business income losses incurred by Plaintiff was, and is, wrongful and
23 without legal justification. Defendant Insurers intentionally withheld coverage with conscious
24 disregard for Plaintiff's rights to obtain coverage under the terms of the Policy and the Endorsement.

25     28.    In failing and/or refusing to appropriately provide coverage for Plaintiff's losses, the
26 Defendant Insurers have breached the relevant insurance contracts. As a result of this breach,
27 Plaintiff has suffered, and continues to suffer, damages, including, but not limited to, continued
28 businesses losses in an amount to be proven at trial but in excess of the minimum jurisdictional

9

1  Defendant Insurers breached these insurance policies by not reasonably or diligently interpreting and

2  applying the referenced policies to the loss it applied to Plaintiff's business.

3      36.    As a direct and proximate result of the breaches by Defendant Insurers, Plaintiff has

4  suffered substantial damages and incurred significant business losses, which have constituted a

5  significant financial economic injury, including but not limited to, the failure to pay the benefits due

6  under the policies and the consequences to Plaintiff's business as well.

7                          **SECOND CAUSE OF ACTION**
   TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
8                          Against All Defendants

9      37.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs

10  1-36 above as though fully set forth herein.

11     38.    Defendant Insurers at all material times had the duty to act fairly and in good faith to

12  Plaintiff in carrying out their responsibilities under their respective policies of insurance.

13     39.    Pursuant to the insurance policies, Defendant Insurers have implicit obligations to act

14  fairly and in good faith to Plaintiff, to promptly and reasonably investigate claims against Plaintiff,

15  and to make reasonable coverage decisions. The policies identified herein are subject to an implied

16  covenant of good faith and fair dealing such that no party will limit the rights of the other to obtain

17  the full benefits of the contract. Defendant Insurers, and each of them, have breached the implied

18  covenant of good faith and fair dealing when they failed or refused to provide coverage for the

19  business losses incurred as a result of the fire, and to provide necessary coverages owed under the

20  Policy and the Endorsement when tendered, and at all material times thereafter, not withstanding

21  repeated requests to do so.

22     40.    Plaintiff is informed and believes, and thereon alleges, that Defendant Insurers

23  breached their respective obligations to act fairly and in good faith toward Plaintiff by committing,

24  among other things the following acts and omissions:

25          A.    Failing to conduct a prompt and reasonable investigation of Plaintiff's claim

26                for continued coverage beyond the thirtieth day of re-occupancy;

27          B.    Causing the insured Plaintiff severe financial hardship by refusing to cover

28                Plaintiff's business losses;

11

C.   Failing to give a reasonable interpretation to the provisions of the Policy and the Endorsement, failing to reasonably apply provisions of the Policy and the Endorsement to the claims, and unreasonably refusing to acknowledge that the Endorsement provided for coverage during the time that the business failed to resume full operations, at an outside limit of 15 months of coverage for business losses;

D.   Interpreting the provisions of the policies and the factual circumstances so as to resolve ambiguities and uncertainties against Plaintiff and to favor their own economic interests; and

E.   Pursuing such a course and pattern of conduct and practice in violation of the terms of the policies and California law with the knowledge, understanding, consent, and approval of Defendant Insurers' respective managing officers, directors, agents and employees.

41.   The foregoing acts and omissions were unreasonable, malicious, fraudulent, oppressive and despicable.

42.   The respective officers, directors and/or managing agents and/or employees of Defendant Insurers participated in, authorized and/or ratified the wrongful conduct of said Defendant Insurers as alleged above.

43.   As a direct and proximate result of the breaches by Defendant Insurers,  Plaintiff has suffered substantial damages including, but not limited to, lost business income, which have constituted a significant financial economic injury.  Plaintiff has further been forced to expend significant attorneys' fees and legal costs in order to secure the insurance coverage to which they were and are entitled and which was, and continues to be, wrongfully withheld.  Therefore, Plaintiff is entitled to recovery of all such attorneys' fees and costs incurred in this action under the principals set forth in *Brandt v. Superior Court* (1985) 37 Cal.3d 813.

44.   Plaintiff is entitled to recover, as damages against Defendant Insurers, and each of them, all the covered business losses, which they have endured as a result of the injury, together with interest thereon.  Plaintiff has suffered damages, and will continue to suffer damages, within the

12

1  jurisdiction of this Court according to proof.

2      45.    The above-described conduct of Defendant Insurers has been and continues to be

3  unreasonable, capricious and arbitrary, and constitutes breach of the covenant of good faith and fair

4  dealing contained in each and all of the insurance policies referred to herein.  The above-described

5  conduct further constitutes malicious, oppressive and despicable conduct and conscious disregard of

6  Plaintiff's rights, and stems from improper and evil motives, including Defendant Insurers' desire to

7  reduce or avoid their obligations to Plaintiff so as to justify an award of punitive and exemplary

8  damages.

9                             **THIRD CAUSE OF ACTION**
                               DECLARATORY RELIEF

10                              Against All Defendants

11      46.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs

12  1-45 above as though fully set forth herein.

13      47.    Coverage exists under the Policy and the Endorsement issued by Defendant Insurers

14  for the business income lost as a result of the Loss and Defendant Insurers have a duty under the

15  Policy and the Endorsement to compensate Plaintiff for business losses incurred after Plaintiff was

16  permitted to reoccupy the Premises.

17      48.    Defendant Insurers have denied Plaintiff coverage for its lost business income.

18  Defendant Insurers have also denied any duty or obligation to compensate Plaintiff for its lost

19  business income.

20      49.    An actual coverage controversy has therefore arisen between Plaintiff and Defendant

21  Insurers regarding Defendant Insurers' obligations and duties owed under the Policy and the

22  Endorsement.

23      50.    By reason of the foregoing, a declaratory judgment is both necessary and proper in

24  order to set forth and determine, the rights and obligations between Plaintiff on the one hand, and

25  Defendant Insurers, on the other hand, with respect to coverage for Plaintiff's injuries and damages

26  pursuant to the Policy and the Endorsement.

27      51.    Accordingly, Plaintiff requests that the Court make a judicial declaration as to

28  Defendant Insurers' rights and obligations under the Policy and the Endorsement.

1       WHEREFORE, Plaintiff prays for judgment against Defendant Insurers, and each of them, as

2 follows:

3       *First Cause of Action:*

4       1.     For compensatory damages according to proof;

5       2.     For attorneys' fees and costs of suit in obtaining the benefits owed under the

6 respective policies, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;

7       3.     For costs of suit herein;

8       4.     For all such other and further relief as the Court may deem just and proper.

9       *Second Cause of Action:*

10       1.     For compensatory damages according to proof;

11       2.     For attorneys' fees and costs of suit in obtaining the benefits owed under the

12 respective policies, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;

13       3.     For punitive damages in an amount appropriate to punish Defendant Insurers and

14 deter others from similar misconduct;

15       4.     For costs of suit herein;

16       5.     For all such other and further relief as the Court may deem just and proper.

17       *Third Cause of Action:*

18       1.     For declaratory relief;

19       2.     For attorneys' fees and costs of suit in obtaining the benefits owed under the

20 respective policies, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;

21       3.     For costs of suit herein;

22       4.     For all such other and further relief as the Court may deem just and proper.

23 Dated: February 28, 2008           THORSNES BARTOLOTTA McGUIRE

24

25                         By_____

26                           Vincent J. Bartolotta, Jr.
                            Karen R. Frostrom

27                             Attorneys for Plaintiff SHAW MORTGAGE
                            CORPORATION dba PATIOSOURCE & THE

28                             NATURAL TOUCH

14

---

VINCENT J. BARTOLOTTA, JR., ESQ.  SB#055139
KAREN R. FROSTROM, ESQ.  SB#207044
THORSNES BARTOLOTTA  McGUIRE
2550 Fifth Avenue, Eleventh Floor
San Diego, CA  92103
Phone: (619) 236-9363    Fax: (619) 236-9653

Attorneys for Plaintiff SHAW MORTGAGE CORPORATION
dba PATIOSOURCE & THE NATURAL TOUCH

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CENTRAL DIVISION

| | |
|---|---|
| SHAW MORTGAGE CORPORATION dba PATIOSOURCE & THE NATURAL TOUCH, a California Corporation | Case No. 37-2007-00084451-CU-BC-CTL |
| Plaintiffs, | **ADDENDUM TO FIRST AMENDED COMPLAINT** |
| v. | (GENERAL CIVIL CASE) |
| PEERLESS INSURANCE COMPANY, a New Hampshire Company; GOLDEN EAGLE INSURANCE CORPORATION, a California Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Company; and DOES 1 through 20, inclusive, | Assigned to: Honorable William R. Nevitt, Jr. Department: 64 Complaint filed: December 21, 2007 |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the attached Exhibit A, referenced on page 7 of the First Amended Complaint filed herein on February 28, 2008, and consisting of Policy No. CBP9772003, was inadvertently omitted from the complaint when filed.

///

///

///

1

ADDENDUM TO FIRST AMENDED COMPLAINT

Doc#: 487957.1

| | |
|---|---|
| 1 | Dated: March 13, 2008 |

THORSNES BARTOLOTTA McGUIRE

By _____
Vincent J. Bartolotta, Jr.
Karen R. Frostrom
Attorneys for Plaintiff SHAW MORTGAGE
CORPORATION dba PATIOSOURCE & THE
NATURAL TOUCH

2

ADDENDUM TO FIRST AMENDED COMPLAINT

Doc#: 487957.1

# WATERIDGE
## INSURANCE SERVICES

C00099

# Table of Contents



**GENERAL LIABILITY POLICY**
Carrier: Golden Eagle Insurance Corp.
Policy Term: 9/22/05 – 9/22/06
Policy Number: CBP9772033



**COMMERCIAL PROPERTY POLICY**
Carrier: Golden Eagle Insurance Corp.
Policy Term: 9/22/05 – 9/22/06
Policy Number: CBP9772033



**COMMERCIAL
UMBRELLA POLICY**
Carrier: Mt. Vernon Fire Insurance
Policy Term: 1/24/05 – 1/24/06
Policy Number: CUP2110370



**COMMERCIAL AUTO POLICY**
Carrier: Progressive Insurance Co.
Policy Term: 11/10/05 – 11/10/06
Policy Number: 083585021



**ENDORSEMENTS**

C00100




**Golden Eagle
Insurance** ™
*Member of Liberty Mutual Group*

RENEWAL

**EFFECTIVE DATE:** 09/22/2005

| icy Number: CBP9772033 | **Prior Policy:** 9772033 |
|---|---|

**Billing Type:** DIRECT BILL

**Coverage Is Provided In** PEERLESS INSURANCE COMPANY - A STOCK COMPANY

| **Named Insured and Mailing Address:** | **Agent:** |
|---|---|
| SHAW MORTGAGE CORPORATION (DBA) THE NATURAL TOUCH 9050 KENAMAR DRIVE SAN DIEGO CA 92121 REFER TO NAMED INSURED SCHEDULE | WATERIDGE INSURANCE SERVICES 10717 SORRENTO VALLEY RD SAN DIEGO CA 92121 |
|  | **Agent Code:** 4292857     **Agent Phone:** (858)-452-2200 |

PEERLESS INSURANCE COMPANY - A STOCK COMPANY
P.O. Box 85826
San Diego, CA 92186-5826

## COMMON POLICY DECLARATIONS

In return for the payment of premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

**POLICY PERIOD: From :** 09/22/2005 **To:** 09/22/2006 at 12:01 AM Standard Time at your mailing address shown above.

**M OF BUSINESS:** CORPORATION

**BUSINESS DESCRIPTION:** WHOLESALE & RETAIL SALES OF SILK FLOWERS/PLANTS

This policy consists of the following coverage parts for which a premium is indicated. This premium may be subject to adjustment.

|  | **PREMIUM** |
|---|---|
| Commercial Property Coverage Part | $ 6,165.00 |
| Boiler and Machinery Coverage Part | INCLUDED |
| Commercial General Liability Coverage Part | INCLUDED |
| Total Premium for all Liability Coverage Parts | $ 12,829.00 |
| Terrorism Risk Insurance Act of 2002 Coverage | REJECTED |
| **Total Policy Premium** | $ 18,994.00 |

## FORMS AND ENDORSEMENTS

**Forms and Endorsements made a part of this policy at time of issue:**
Applicable Forms and Endorsements are omitted if shown in specific Coverage Part/Coverage Form Declarations

| Form Number | Description |
|---|---|
| I 17 - 1198 | COMMON POLICY CONDITIONS |
| IL0940 - 0102 | EXCLUSION OF WAR, MILITARY ACTION AND TERRORISM |

C00101

17-57 (06/94)

## COMMON POLICY DECLARATIONS (continued)

**RMS AND ENDORSEMENTS**

**Forms and Endorsements made a part of this policy at time of issue:**

Applicable Forms and Endorsements are omitted if shown in specific Coverage Part/Coverage Form Declarations

| Form Number | Description |
|---|---|
| IL0953 | - 1102 EXCLUSION OF CERETIFIED ACTS OF TERRORISM |
| CG2169 | - 0102 WAR OR TERRORISM EXCLUSION |
| CG2173 | - 1202 EXCLUSION OF CERTIFIED ACTS OF TERRORISM |
| 17-58 | - 0694 NAMED INSURED SCHEDULE |
| GECPD910 | - 0689 PUNITIVE DAMAGES |
| IL0003 | - 0702 CALCULATION OF PREMIUM |
| IL0021 | - 0702 NUCLEAR ENERGY LIABILITY EXCLUSION (BROAD FORM) |
| IL0103 | - 0702 CALIFORNIA CHANGES - ACTUAL CASH VALUE |
| IL0104 | - 0204 CALIFORNIA CHANGES |
| IL0270 | - 1104 CANCELLATION AND NONRENEWAL |
| IL0935 | - 0702 EXCLUSION OF CERTAIN COMPUTER RELATED LOSSES |

Intersigned:    By_____    _____

Authorized Representative                                    Date

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc. with its permission. Copyright, Insurance Services Office, Inc. 1982,1983, 1984, 1985.

Date Issued: 09/06/2005

17-57 (06/94)

RENEWAL



**Golden Eagle Insurance**
Member of Liberty Mutual Group

 hing a part of

| | |
|---|---|
| **Policy Number:** CBP 9772033 | |
| **Coverage Is Provided In** PEERLESS INSURANCE COMPANY - A STOCK COMPANY | |
| **Named Insured:**<br>   SHAW MORTGAGE CORPORATION<br>   (DBA) THE NATURAL TOUCH<br>   REFER TO NAMED INSURED SCHEDULE | **Agent:**<br>   WATERIDGE INSURANCE SERVICES<br><br>**Agent Code:** 4292857   **Agent Phone:** (858)-452-2200 |

**NAMED INSURED SCHEDULE**

First Named Insured:

Name/Address                  **Form of Business:** CORPORATION

SHAW MORTGAGE CORPORATION (DBA) THE NATURAL TOUCH

(DBA) PATIOSOURCE
9050 KENAMAR DRIVE
SAN DIEGO CA   92121

**Date Issued:**  09/06/2005

7-58 (06/94)

C00103