DALE A. AMATO, ESQ. (SBN 137965)
BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027
Tel: (858) 547-0075 • Fax: (858) 547-0175

Attorneys for Defendants PEERLESS INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY and GOLDEN EAGLE INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAW MORTGAGE CORPORATION dba PATIOSOURCE & THE NATURAL TOUCH, a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Company; GOLDEN EAGLE INSURANCE CORPORATION, a California Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Company; and DOES 1 – 20, inclusive,<br><br>Defendants. | CASE NO.: 08 CV 0709 BTM AJB<br><br>SDSC Case No. 37-2007-00084451-CU-BC-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT PURSUANT TO F.R.C.P. RULE 21**<br><br>[Per Chambers, no oral argument unless requested by the Court.]<br><br>**DATE: 6-6-08**<br>**TIME: 11:00 a.m.**<br>**COURTROOM: 15**<br><br>Date Complaint Filed: 12/21/2007 |

1. **INTRODUCTION**

Plaintiff Shaw Mortgage Corporation ("SMC") seeks to avoid this court's jurisdiction by improperly joining Golden Eagle Insurance Corporation ("GOLDEN EAGLE") as a defendant in this matter. This motion seeks to drop defendant GOLDEN EAGLE as an improperly joined defendant. SMC's claims against GOLDEN EAGLE are for Breach of Insurance Contract, Breach of the Implied Covenant of Good Faith and

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT**

Fair Dealing and Declaratory Relief are untenable as a matter of law and contra to existing California authority. GOLDEN EAGLE is not the insurer who issued the policy to SMC, as is established by the policy which is attached to the First Amended Complaint ("FAC"). GOLDEN EAGLE cannot be liable for any of the claims alleged in the FAC. GOLDEN EAGLE should be dismissed from this matter as a sham defendant, pursuant to Federal Rule of Civil Procedure 21.

## 2.   STATEMENT OF FACTS

This action is based on SMC's dispute with PEERLESS concerning insurance policy benefits arising from a fire loss that occurred at the insured's business premises, located at 9050 Kenamar Drive, San Diego, California. On December 21, 2007, SMC filed its Complaint in the San Diego Superior Court. On February 28, 2008, SMC filed its FAC. (A true and correct copy of Shaw Mortgage Corporation's First Amended Complaint is attached as Exhibit "1" to the Declaration Dale A. Amato.)

SMC's FAC names PEERLESS, GOLDEN EAGLE and Liberty Mutual Insurance Company ("LMIC")[1] as defendants. The claims against all defendants are for Breach of Insurance Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief. (*See*, Exhibit 1.)

According to the FAC, and specifically the declarations page of the applicable policy, attached as Exhibit "A" thereto, the only insuring entity is PEERLESS. LMIC is not issue the insurance policy to SMC. (*See*, FAC, ¶¶1-6, 18-28; *see*, *also*, declarations page, Exhibit "A" thereto.)[2]

---

[1] While LMIC is diverse to SMC and has filed a joinder to PEERLESS' Petition for Removal, since LMIC is also not the insuring entity, LMIC has filed, contemporaneously with this motion, a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) which is set to be heard at the same time as this motion.

[2] Documents attached to the complaint and incorporated by reference are treated as part of the complaint. (*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F2d 1422 (9th Cir. 1990.) "[W]hen a written instrument contradicts the allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." (*Thompson v. Illinois Dept. of Prof. Reg.*, 300 F3d 750 (7th Cir. 2002) [emphasis in original; internal citations omitted]; *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F3d 370 (5th Cir. 2004).)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT**

1  Thus, since GOLDEN EAGLE is not the insuring entity, it cannot be held liable
2  for any of the claims asserted by SMC and PEERLESS' motion to drop GOLDEN
3  EAGLE as a sham defendant must be granted.
4  On April 16, 2008, PEERLESS removed this action to federal court.  PEERLESS'
5  Petition for Removal indicated that it would bring the instant motion.

**3.     LEGAL ARGUMENT**

   **A.     Standards For Dismissing Improper Defendants.**

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a non-diverse party if the party's presence in the action is not required; that is, if the party is not an indispensable party under Rule 19. (*See, e.g.*, 7 C. Wright & A. Miller Federal Practice and Procedure § 1685 (3d ed. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154-1155 (9th Cir. 1998) [dismissing non-diverse defendant where only diverse defendant would be at fault]; *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523-1524 (9th Cir. 1987) [dismissal of settling defendant appropriate to preserve diversity jurisdiction]; see, *also*, *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 247 (E.D. Cal. 1992) [insurance agent party fraudulently joined merely to prevent removal of action against insurer to federal court dropped pursuant to Rule 21.].)  Indeed, it is an abuse of discretion to refuse a motion to drop a party under such circumstances.  (*See*, *Anrig v. Ringsby United*, 603 F.2d 1319, 1324-1325 (9th Cir. 1978); *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985).)

A district court has jurisdiction to determine if defendants who would destroy diversity are fraudulently joined as sham defendants and may dismiss those defendants. (*McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) [where defendants raised fraudulent joinder issue, "court had to determine if they were fraudulently joined"].)   A court may look beyond the complaint, and the defendant "is

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT**

1  entitled to present to the federal court facts showing the joinder to be fraudulent."
2  (*McCabe v. General Foods Corp.*, *supra*, 811 F.2d at 1339; see, *also Ritchey v. Upjohn*
3  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).)  A defendant may also submit facts
4  showing that a resident defendant had "no real connection with the controversy."  (*Wilson*
5  *v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 [42 S. Ct. 35; 66 L. Ed. 144] (1921).)
6  　　　In *McCabe*, the plaintiff named his former employer -- a diverse defendant -- and
7  two supervisors -- non-diverse defendants.  The court dismissed the non-diverse
8  defendants, finding that the plaintiff had failed to state a cause of action against them,
9  because their actions were alleged to have been ratified by their employer and not taken
10 on their own initiative.  The court dismissed the parties as being fraudulently joined.
11 (*McCabe v. General Foods Corp.*, *supra*, 811 F.2d at 1339.)
12 　　　Likewise, in *Ritchey*, the plaintiff named three defendants -- two of whom would
13 destroy diversity.  The two non-diverse defendants were held to be sham defendants by
14 the court, because they could rely upon the defenses of the statute of limitations and *res*
15 *judicata*. (*Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d at 1318.)
16 　　　In *Wilson*, the plaintiff named two defendants, one non-diverse defendant "not in
17 any degree whatsoever responsible" for the plaintiff's alleged injuries.  The Court
18 emphasized that the "right of removal cannot be defeated by a fraudulent joinder of a
19 resident defendant having no real connection with the controversy." (*Wilson v. Republic*
20 *Iron & Steel Co.*, *supra*, 257 U.S. at 97.)
21 　　　Further, so long as appropriate relief can be fashioned among the parties
22 remaining in the lawsuit, it is appropriate to dismiss unnecessary defendants whose
23 presence would destroy diversity.  (*See*, e.*g. Northrop Corp. v. McDonnell Douglas*
24 *Corp.*, 705 F.2d 1030, 1046 (9th Cir. 1983) [government not necessary party to dispute
25 between defense contractor and manufacturer because court could fashion relief between
26 parties without presence of government as defendant.].)
27 　　　As more fully set forth below, there are no legitimate claims against LMIC.
28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT**

**B.      GOLDEN EAGLE Is Not The Insurer And Therefore, Cannot Be Sued For Breach Of Contract, Bad Faith Or Declaratory Relief.**

It is settled California law that breach of contract and bad faith actions lie only against the insurer on this risk as a party to the insurance contract. (*Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566 (1973); *Tran v. Farmers Group, Inc.,* 104 Cal.App.4th 1202 (2002); *Seretti v. Superior Nat'l Ins. Co.*, 71 Cal.App.4th 920 (1999); *Austero v. National Cas. Co.* (1976) 62 Cal. App. 3d 511; *Waller v. Truck Insurance Exchange*, 11 Cal.4th 1 (1995); *Old Republic Insurance Company v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666 (2000).) This is because privity of contract is required between insured and insurer.

Since GOLDEN Eagle is not the insurer, but PEERLESS is, GOLDEN EAGLE must be dropped from this litigation as a sham defendant as the plaintiff cannot maintain any claim against GOLDEN EAGLE.

**4.      CONCLUSION**

Based on the foregoing, GOLDEN EAGLE is an improperly defendant named solely to defeat diversity jurisdiction in this action and should be dismissed.

DATED: April 18, 2008

By:   S/Dale A. Amato
    DALE A. AMATO
    Attorneys for PEERLESS INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY and GOLDEN EAGLE INSURANCE CORPORATION
    E-mail: damato@bergerkahn.com

BERGER KAHN
A *Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

5
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DROP GOLDEN EAGLE INSURANCE CORPORATION AS A SHAM DEFENDANT**