DALE A. AMATO, ESQ. (SBN 137965)
BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027
Tel: (858) 547-0075 • Fax: (858) 547-0175

Attorneys for Defendants PEERLESS INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY and GOLDEN EAGLE INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAW MORTGAGE CORPORATION dba PATIOSOURCE & THE NATURAL TOUCH, a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Company; GOLDEN EAGLE INSURANCE CORPORATION, a California Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Company; and DOES 1 – 20, inclusive,<br><br>Defendants. | CASE NO.: 08 CB 0709 BTM AJB<br><br>SDSC Case No. 37-2007-00084451-CU-BC-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>[Per Chambers, oral argument unless requested by the Court.]<br><br>**DATE: 6-6-08**<br>**TIME: 11:00 a.m.**<br>**COURTROOM: 15**<br><br>Date Complaint Filed: 12/21/2007 |

1. **INTRODUCTION**

Plaintiff Shaw Mortgage Corporation ("SMC") has improperly named Liberty Mutual Insurance Company ("LMIC") as a defendant in this matter. SMC's claims against LMIC are for Breach of Insurance Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief are untenable as a matter of law and contra to existing California authority. LMIC is not the insurer who issued the policy to

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1  SMC, as is established by the policy which is attached to the First Amended Complaint
2  ("FAC"). LMIC cannot be liable for any of the claims alleged in the FAC.
3  Thus, LMIC should be dismissed from this action.

4  **2.     STATEMENT OF FACTS**

5  This action is based on SMC's dispute with PEERLESS concerning insurance
6  policy benefits arising from a fire loss that occurred at the insured's business premises,
7  located at 9050 Kenamar Drive, San Diego, California.  On December 21, 2007,  SMC
8  filed its Complaint in the San Diego Superior Court.  On February 28, 2008, SMC filed
9  its FAC.  (A true and correct copy of Shaw Mortgage Corporation's First Amended
10 Complaint  is attached as Exhibit "1"  to the Declaration Dale A. Amato.)

11 SMC's FAC names PEERLESS, GOLDEN EAGLE[1] and LMIC as defendants.
12 The claims against all defendants are for Breach of Insurance Contract, Breach of the
13 Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief. (*See*, Exhibit
14 1.)

15 According to the FAC, and specifically the declarations page of the applicable
16 policy, attached as Exhibit "A" thereto, the only insuring entity is PEERLESS. LMIC is
17 not issue the insurance policy to SMC. (*See*, FAC, ¶¶1-6, 18-28; *see*, *also*, declarations
18 page, Exhibit "A" thereto.)[2]

19 ///
20 ///
21 ///

---

[1]     Since GOLDEN EAGLE is not diverse to SMC, PEERLESS has filed, contemporaneously with this motion, a Motion to Drop GOLDEN EAGLE as a sham defendant,  pursuant to F.R.C.P. 21,  which is set to be heard at the same time as this motion.

[2]     Documents attached to the complaint and incorporated by reference are treated as part of the complaint. (*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F2d 1422 (9th Cir. 1990.)   "[W]hen a written instrument contradicts the allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." (*Thompson v. Illinois Dept. of Prof. Reg.*, 300 F3d 750 (7th Cir. 2002) [emphasis in original; internal citations omitted]; *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F3d 370 (5th Cir. 2004).)

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

**3. LMIC IS NOT THE INSURER AND THEREFORE, CANNOT BE SUED FOR BREACH OF CONTRACT, BAD FAITH OR DECLARATORY RELIEF.**

It is settled California law that breach of contract and bad faith actions lie only against the insurer on this risk as a party to the insurance contract. (*Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566 (1973); *Tran v. Farmers Group, Inc.,* 104 Cal.App.4th 1202 (2002); *Seretti v. Superior Nat'l Ins. Co.*, 71 Cal.App.4th 920 (1999); *Austero v. National Cas. Co.* (1976) 62 Cal. App. 3d 511; *Waller v. Truck Insurance Exchange*, 11 Cal.4th 1 (1995); *Old Republic Insurance Company v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666 (2000).) This is because privity of contract is required between insured and insurer.

Since LMIC is not the insurer, but PEERLESS is, LMIC must be dismissed from this litigation as the plaintiff cannot maintain any claims against LMIC.

**4. CONCLUSION**

Based on the foregoing, LMIC is an improper defendant and should be dismissed from the action.

DATED: April 18, 2008

By:   S/Dale A. Amato
    DALE A. AMATO
    Attorneys for PEERLESS
    INSURANCE COMPANY, LIBERTY
    MUTUAL FIRE INSURANCE
    COMPANY and GOLDEN EAGLE
    INSURANCE CORPORATION
    E-mail: damato@bergerkahn.com